IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVERETTE G. COOKSEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:14-cv-01105 |
| WARDEN BLAIR LEIBACH, | ) Judge Campbell |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Everette Cooksey, a prisoner in state custody at the Metro-Davidson County Detention Facility, operated by CCA in Nashville, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus, asserting that he has been wrongfully deprived of sentence credit for a period of approximately four months during which he was extradited to Kentucky to answer to charges in that state, after he had already been convicted and was serving a sentence in Tennessee. He also filed a motion for "Emergency Injunctive Relief" (ECF No. 2) requesting that this Court order his immediate release from custody.

The respondent has filed a motion to dismiss the habeas corpus petition on the grounds that (1) the petitioner has received the sentencing credit that he seeks, so his petition is moot; and (2) the petition fails to state a claim for relief that is cognizable under 28 U.S.C. § 2254. The petitioner, at the Court's direction, filed a response in opposition to the motion to dismiss.

In his habeas petition, Cooksey asserts that he pleaded guilty to a charge of forgery and was sentenced on June 15, 2012 in the Criminal Court for Davidson County, Tennessee to a six-year prison term. (*See also* Judgment, ECF No. 22-1.) He acknowledges that he was given jail credit for the time he spent in jail between his arrest and his sentencing, but insists that he was wrongfully denied credit for the period of time from December 7, 2012 through April 16, 2013, during which he was transported to Kentucky under the Interstate Agreement on Detainers Act to answer to charges in that state.

The petitioner filed a motion in the state criminal court requesting that court to order the Davidson County Sheriff to credit him with time served between December 7, 2012 and April 16, 2013. The petitioner

attached to his petition a copy of the order entered by Judge Cheryl Blackburn on February 4, 2014, granting the motion. It reads as follows:

> [T]he Court had in the original judgment already ordered that the Defendant be provided jail credit for the period of July 13, 2011 to June 15, 2012. To be clear it is the Court's intent that the Defendant be provided pre-trial jail credit [sic] for the entire period between December 7, 2012 and April 16, 2013 regardless of where the Defendant was incarcerated or what agency was responsible for his custody. Therefore to the extent it has not already done so the Davidson County Sheriff's Department shall credit Defendant's sentence with the entire pre-trial incarceration period [sic] of December 7, 2012 to April 16, 2013.

(ECF No. 1, at 8.)[1]

Also attached to the petition is a copy of an email dated February 20, 2014 from Ravon Baines, Classification and Records Supervisor at CCA, to Cooksey's attorney, indicating receipt of Judge Blackburn's order, but stating that it was not sufficient to achieve the end desired by Cooksey (perhaps due in part to the confusion referenced in footnote 1):

> In this order from the Judge she is ordering Pre-Tr[ia]l credits to be applied after his sentence has been imposed. The Davidson County Sheriffs Office or CCA does not control any type of Pre-Tr[ia]l credits that are applied to any offender's sentence. That is handle[d] by Sentence Management with the Tennessee Department Of Corrections. And any change to those credits must be submitted on an Official Judgement Order from the court to TDOC. They then verify that the orders are correct and that the sentence is legal under state law. . . . I am aware of what Mr. Cooksey is trying to do and I have also attempted on many occasion[s] to assist his case manager in making this happen. The Credits that Mr. Cooksey is wanting TDOC will give him only if the state of Kentucky will submit a formal letter on their letterhead saying that he was not in any trouble while in their custody. . . . Once they receive this then they will credit him all the credit that he would have earned during that time frame. I have already been around and around with Kentucky and they have been really non-responding to this request. Maybe you can assist with that. Once I am able to get this letter from Kentucky I can have those credit added with in a matter of a few days. Because I do work closely with the TDOC. I do not mind working with you to resolve this because it has been an issue for way to[o] long.

(ECF No. 1, at 10.)

Cooksey asserts that, despite entry of Judge Blackburn's order, the "Davidson County Sheriff's Office, CCA/MDCDF and the Tennessee Department of Corrections" have failed to execute the order (ECF No. 1, at 6), and that, if he were awarded full credit for the four months spent in Kentucky, his sentence would already have expired. His petition is signed under penalty of perjury and therefore effectively functions as a

---

[1] This order was apparently prepared by Cooksey's defense attorney. (*See* ECF No. 1, at 9 (certificate of service showing the order was "approved for entry" by Brent Horst, counsel for Everett Cooksey).) It is confusing because it refers to "pre-trial jail credit" even though the referenced time frame—December 7, 2012 through April 16, 2013—clearly took place *after* the petitioner was sentenced on June 15, 2012.

sworn affidavit. *See, e.g.*, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a verified complaint carries the same force as an affidavit for purposes of summary judgment where the plaintiff signed his complaint under penalty of perjury).

In its motion to dismiss and incorporated memorandum of law, the respondent asserts first that Cooksey has already received the sentence credit he requests. In support of this contention, the respondent has submitted the affidavit of Amber Phillips, Sentence Analyst II, Sentence Management Services, Tennessee Department of Corrections. Phillips alleges that "Mr. Cooksey was given credit for [the time spent in Kentucky] as time served on his Tennessee sentence" and that his sentence will expire on February 27, 2015. (ECF No. 22-2.) However, because the petitioner's assertions to the contrary are also made under penalty of perjury, Phillips' affidavit does not dispose of the questions of whether the petitioner received the sentence credit and when his sentence will expire. Rather, it simply creates disputed issues of fact as to those two questions. Moreover, the Court notes that Phillips' assertions are not supported by a breakdown or explanation of how the credit was applied, when it was applied, or what effort was made to communicate with the petitioner about the computation of his sentence. The petitioner continues to insist, in his response in opposition to the motion, that if the credit had been applied properly, he sentence should have expired in February 2014. At this stage in the proceedings, the Court is required to accept as true the petitioner's assertion that he was not awarded credit for the time spent in Kentucky. The affidavit of Amber Phillips fails to establish that the respondent is entitled to dismissal of the habeas petition on the grounds of mootness.

The respondent's second basis for the motion to dismiss is that the petition does not allege a violation of federal law cognizable in federal habeas corpus. In support of this contention, he cites *Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005), in which the Sixth Circuit affirmed the denial of a habeas petition on the grounds that the petitioner had not exhausted his state-court remedies, *id.* at 630, and because the petitioner's claim was "solely that his sentence was calculated in violation of state law." *Id.* at 631. *Collins* does not govern the outcome here, because the petitioner's claim is not based *solely* on state law. Rather, at this stage in the proceedings and in the absence of additional information, the Court construes the petition as asserting that the petitioner's constitutional rights have been violated because his sentence has already expired under state law but the state has refused to release him. *Cf. Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) (incarceration beyond the termination of one's sentence may give rise to an Eighth Amendment

violation); *Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985) (en banc) (incarceration beyond the expiration of one's sentence may violate the Due Process Clause). The respondent is not entitled to summary dismissal on this ground either.

      The motion to dismiss will therefore be denied. An appropriate order is filed herewith.

*[signature: Todd Campbell]*

Todd Campbell
United States District Judge