## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| EVERETTE G. COOKSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-cv-01105 |
| ) | |
| WARDEN BLAIR LEIBACH, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Everette Cooksey, a prisoner in state custody at the Metro-Davidson County Detention Facility, operated by CCA in Nashville, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus, asserting that (1) the Tennessee Department of Correction failed to properly calculate his sentence under a June 15, 2012 judgment of the Davidson County Criminal Court; and (2) his sentence pursuant to that judgment has expired. (ECF No. 1.) He also filed a motion for "Emergency Injunctive Relief" (ECF No. 2) requesting that this Court order his immediate release from custody.

Now before the Court is the respondent's second motion to dismiss, the first having been denied. In the present motion and accompanying memorandum of law (ECF Nos. 36, 37), the respondent seeks judgment as a matter of law on the grounds that the petitioner failed to exhaust his state-court remedies as required by 28 U.S.C. § 2254(b)(1)(A). The petitioner did not file a response to the motion to dismiss.

In his habeas petition, Cooksey asserts that he pleaded guilty to a charge of forgery and was sentenced on June 15, 2012 in the Criminal Court for Davidson County, Tennessee to a six-year prison term. (*See also* Judgment, ECF No. 22-1.) The petitioner did not appeal the judgment or seek post-conviction relief. He acknowledges that he was given jail credit for the time he spent in jail between his arrest and his sentencing, but insists that he was wrongfully denied credit for the period of time from December 7, 2012 through April 16, 2013, during which he was transported to Kentucky under the Interstate Agreement on Detainers Act to answer to charges in that state.

The petitioner filed a motion in the state criminal court requesting that court to order the Davidson County Sheriff to credit him with time served between December 7, 2012 and April 16, 2013. The petitioner

attached to his petition a copy of the order entered by Judge Cheryl Blackburn on February 4, 2014, granting the motion. It reads as follows:

> [T]he Court had in the original judgment already ordered that the Defendant be provided jail credit for the period of July 13, 2011 to June 15, 2012. To be clear it is the Court's intent that the Defendant be provided pre-trial jail credit [sic] for the entire period between December 7, 2012 and April 16, 2013 regardless of where the Defendant was incarcerated or what agency was responsible for his custody. Therefore to the extent it has not already done so the Davidson County Sheriff's Department shall credit Defendant's sentence with the entire pre-trial incarceration period [sic] of December 7, 2012 to April 16, 2013.

(ECF No. 1, at 8.) This order is confusing because it refers to "pre-trial jail credit" even though the referenced time frame—December 7, 2012 through April 16, 2013—clearly took place after the petitioner was sentenced on June 15, 2012. In other words, it pertains to post-judgment credits.

Also attached to the petition is a copy of an email dated February 20, 2014 from Ravon Baines, Classification and Records Supervisor at CCA, to Cooksey's attorney, indicating receipt of Judge Blackburn's order, but stating that it was not sufficient to achieve the end desired by Cooksey:

> In this order from tthe Judge She is ordering Pre-Tr[ia]l credits to be applied after his sentence has been imposed. The Davidson County Sheriffs Office or CCA does not control any type of Pre-Tr[ia]l credits that are applied to any offender's sentence. That is handle[d] by Sentence Management with the Tennessee Department Of Corrections. And any change to those credits must be submitted on an Official Judgement Order from the court to TDOC. They then verify that the orders are correct and that the sentence is legal under state law. . . I am aware of what Mr. Cooksey is trying to do and I have also attempted on many occasion[s] to assist his case manager in making this happen. The Credits that Mr. Cooksey is wanting TDOC will give him only if the state of Kentucky will submit a formal letter on their letterhead saying that he was not in any trouble while in their custody. . . . Once they receive this then they will credit him all the credit that he would have earned during that time frame. I have already been around and around with Kentucky and they have been really non-responding to this request. Maybe you can assist with that. Once I am able to get this letter from Kentucky I can have those credit added with in a matter of a few days. Because I do work closely with the TDOC. I do not mind working with you to resolve this because it has been an issue for way to[o] long.

(ECF No. 1, at 10.)

Cooksey asserts that, despite entry of Judge Blackburn's order, the "Davidson County Sheriff's Office, CCA/MDCDF and the Tennessee Department of Corrections" have failed to execute the order. (ECF No. 1, at 6.) He insists that his sentence would already have expired if he were awarded full credit for the four months spent in Kentucky.

A federal district court will not entertain a petition for the writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine designed to promote comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[A] federal habeas petitioner . . . [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). Once a petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state-court remedies with respect to the claims he presents for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citation omitted). Moreover, if a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(c). Ordinarily, habeas petitions containing unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520–22); *see also Rhines v. Weber*, 544 U.S. 269 (2005) (reconfirming the continued relevance of Rose under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

As shown above, the petitioner in this case sought and obtained an order from Criminal Court Judge Cheryl Blackburn clarifying her intent with regard to sentencing. However, he apparently did not take any further action after the Tennessee Department of Correction ("TDOC") allegedly failed or refused to execute Judge Blackburn's order.

Simply seeking relief in the form of a motion from the criminal court that sentenced him was not effective to exhaust his state remedies. Under Tennessee law, "a trial court's authority regarding sentencing credits ends once the inmate enters the Department [of Correction]." *Roberts v. Campbell*, No. 03C01-9803-CC-00124, 1999 WL 281084 (Tenn. Ct. Crim. App. April 30, 1999) (citation omitted); *see also* Tenn. Code

Ann. § 40-35-501(q) ("Notwithstanding any other provision of the law to the contrary, the department [of correction] is responsible for calculating the sentence expiration date and the release eligibility dates of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years."). Because the period of time at issue in the petitioner's motion occurred post-judgment and after the petitioner was already in TDOC's custody, Judge Blackburn apparently did not have the authority under Tennessee law to grant the relief requested by the petitioner.

The Tennessee Supreme Court recently confirmed this principle and clarified the procedure an inmate must follow to challenge TDOC's calculation of his release eligibility date:

> We clarify that the Uniform Administrative Procedures Act ("UAPA") governs an inmate's challenge to the Tennessee Department of Correction's ("TDOC") calculation of a release eligibility date. *See* Tenn. Code Ann. §§ 4-5-101 to -325 (2011). Under the UAPA, an inmate must request a declaratory order from TDOC before filing a declaratory action in court. Tenn. Code Ann. § 4-5-225(b).

*Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *see also id.* at 464("An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA." (citations omitted)). The court clearly outlined the necessary procedure:

> Under the UAPA, an inmate must first petition TDOC for a declaratory order. Tenn. Code Ann. § 4-5-223(a) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). Upon receipt of the petition, TDOC must either convene a contested case hearing and issue a declaratory order or refuse to issue a declaratory order. See Tenn. Code Ann. § 4-5-223(a)(1)–(2). An inmate aggrieved by a final decision in a contested case may obtain judicial review under the UAPA. Tenn. Code Ann. §§ 4-5-223(a)(1), -322.
>
> If TDOC chooses not to convene a contested case hearing or refuses to issue a declaratory order,FN17 an inmate may obtain judicial review by seeking a declaratory judgment in the Chancery Court of Davidson County. Tenn. Code Ann. §§ 4-5-223(a)(2), -225(a). The UAPA does not permit an inmate to seek a declaratory judgment in the Chancery Court, however, unless the inmate has first petitioned TDOC for a declaratory order and been refused. Tenn. Code Ann. § 4-5-225(b). In the absence of proof the inmate sought a declaratory order from TDOC, the Chancery Court lacks jurisdiction over an inmate's declaratory judgment action.
>
>> FN17. If an inmate petitions TDOC for a declaratory order, but TDOC fails to set the petition for a contested case hearing within sixty days after receiving it, TDOC "shall be deemed to have denied the petition and to have refused to issue a declaratory order." Tenn. Code Ann. § 4-5-223(c).

*Id.* at 464–65 (some internal citations omitted).[1]

As set forth above, the petitioner bears the burden of establishing exhaustion. *Prather*, 822 F.2d at 1420 n.3. The petitioner here has not met that burden. Instead, he alleges only that he filed a post-judgment motion with the trial court to challenge TDOC's calculation of his sentence. Under *Stewart*, this procedure was ineffective to satisfy the exhaustion requirement under 28 U.S.C. § 2254. To exhaust his remedies, the petitioner must seek a declaratory order from TDOC, Tenn. Code Ann. § 4-5-225(b), and then if that route proves unsuccessful, file a declaratory action in the Chancery Court for Davidson County (rather than the criminal court in which he was convicted) to challenge TDOC's decision. *Id.*

Because the petitioner has not shown that he exhausted his state remedies, his petition in this Court will be dismissed without prejudice. An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge

---

[1] Alternatively, if a Tennessee state prisoner believes that the term of his sentence has expired, he also has the ability under Tennessee law to seek a writ of habeas corpus under state law, Tenn. Code Ann. § 29-21-101. The petitioner did not pursue this avenue either, but the scope of the writ is very limited in Tennessee, however. It applies

> only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (internal quotation marks and citation omitted). The petitioner does not argue that the Davidson Count Criminal Court lacked jurisdiction to sentence him. Moreover, it does not appear from the face of the judgment that the petitioner's sentence has expired. The judgment (ECF No. 22-1) was issued on June 15, 2012 but applied pretrial jail credits from July 13, 2011 through June 15, 2012. The judgment provides for a 6-year prison term. Although the petitioner was sentenced as a multiple offender with 35% release eligibility, the judgment also states: "No petitions for early release," in the section labeled "Special Conditions."Thus, from the face of the judgment, it appears that the petitioner's sentence does not actually expire until July 12, 2017. Section 29-21-101 therefore likely does not apply to the petitioner's situation.