IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVERETTE G. COOKSEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:14-cv-01105 |
| WARDEN BLAIR LEIBACH, | ) Judge Campbell |
| Respondent. | ) |

**ORDER**

Before the Court is Warden Blair Leibach's second motion to dismiss petitioner Everette Cooksey's *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. The respondent asserts that dismissal is warranted because the petitioner failed to exhaust state-court remedies as required by 28 U.S.C. § 2254(b)(1)(A) with respect to his claims that (1) the Tennessee Department of Correction failed to properly calculate his sentence under a June 15, 2012 judgment of the Davidson County Criminal Court; and (2) his sentence pursuant to that judgment has expired. The petitioner has not filed a response in opposition to the motion.

As set forth in the accompanying memorandum opinion, the Court finds that the respondent is entitled to dismissal of the petition on the grounds asserted. The motion to dismiss (ECF No. 36) is therefore **GRANTED**. The petition (ECF No. 1) is **DENIED**; the petitioner's emergency motion for injunctive relief (ECF No. 2) is **DENIED** as moot; and this matter is **DISMISSED WITHOUT PREJUDICE**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). As explained in the accompanying memorandum opinion, the Court finds that the petitioner has not established that he exhausted his state remedies and thereby given the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He therefore cannot make a substantial showing in this Court of the denial of his constitutional rights. Because

an appeal by the petitioner on the issues raised in his petition would not merit further attention at this time, the Court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

Todd Campbell
United States District Judge